# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-50383
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 11, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff−Appellee,

versus

JESUS OSORIO-ABUNDIO,
Also Known as Jeremias Bonilla, Also Known as Jesus Osonrio-Abundis,

Defendant−Appellant.

Appeal from the United States District Court
for the Western District of Texas
No. 1:17-CR-80-1

Before DAVIS, SMITH, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Jesus Osorio-Abundio appeals his conviction of illegal reentry into the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-50383

United States.  He challenges the denial of his motion to dismiss the indictment as invalid, contending that his initial removal order was void for the failure of the notice to appear in the initial removal proceedings to specify a time and date for his removal hearing.  He concedes that the issue is foreclosed by *United States v. Pedroza-Rocha*, 933 F.3d 490 (5th Cir. 2019), *petition for cert. filed* (U.S. Nov. 6, 2019) (No. 19-6588), but he wishes to preserve it for further review.  The government moves, unopposed, for summary affirmance, agreeing that the issue is foreclosed by *Pedroza-Rocha* and *Pierre-Paul v. Barr*, 930 F.3d 684 (5th Cir. 2019).

In *Pedroza-Rocha*, 933 F.3d at 496–98 we concluded that the notice to appear was not deficient for failure to specify a date and time for the hearing, that any such deficiency had not deprived the immigration court of jurisdiction, and that the petitioner could not collaterally attack his notice to appear without first exhausting administrative remedies.  Osorio-Abundio's arguments are, as he concedes, therefore foreclosed.  *See id.*  Because the government's position "is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case," *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), the motion for summary affirmance is GRANTED, the government's alternative motion for an extension of time to file a brief is DENIED, and the judgment is AFFIRMED.